Lin v. Holder

BIA
Poczter , IJ
A200 930 282

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand thirteen.

PRESENT:
    DENNIS JACOBS,
    GERARD E. LYNCH,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

SUN MIN LIN,
        *Petitioner,*

        v.                                  12-4854
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Troy Nader Moslemi, New York, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Derek C.
                       Julius, Senior Litigation Counsel;
                       Nicole R. Prairie, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sun Min Lin, a native and citizen of the People's Republic of China, seeks review of a November 28, 2012, decision of the BIA affirming the June 30, 2011, decision of Immigration Judge ("IJ") Aviva L. Poczter, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sun Min Lin*, No. A200 930 282 (B.I.A. Nov. 28, 2012), *aff'g* No. A200 930 282 (Immig. Ct. N.Y. City June 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA has affirmed the decision of the IJ, we review the entirety of the IJ's decision, including portions not explicitly discussed by the BIA. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The agency's findings of fact will be affirmed if they are supported by substantial evidence, and may be overturned only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. Mukasey*, 553 F.3d 207, 212 (2d Cir. 2009).

2

Because this application is governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).  We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based her adverse credibility determination on Lin's inconsistent and implausible testimony, an omission from his asylum application, inconsistencies between Lin's testimony and his witness's testimony, and inconsistencies between Lin's testimony and documentary evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167.  Among other things, (1) Lin testified that he hid at a friend's house in China for six months, but admitted on cross-examination that he spent one month in Cuba during that time; (2) Lin did not list his

3

month-long Cuban residence in his asylum application; (3) Lin confused dates when confronted with these inconsistencies; and (4) Lin testified that he traveled to attend a friend's wedding in China during the same period he was hiding from the Chinese police.

The IJ was not required to credit Lin's explanations for these testimonial defects. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations for inconsistent testimony unless a reasonable fact-finder would be compelled to do so). Moreover, the IJ based his implausibility finding in part on inconsistencies between Lin's claim he feared persecution and his admitted behavior while still in China, thus "tethering [the credibility finding] to the evidentiary record," *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Furthermore, we defer to the IJ's assessment of Lin's demeanor as non-responsive because it was supported by "specific examples of inconsistent testimony." *Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Finally, the IJ reasonably relied on the lack of reasonably available corroborating evidence regarding Lin's efforts to flee China and enter the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Because the adverse credibility determination is supported by substantial evidence, the IJ did not err in denying asylum. As Lin's claims for withholding of removal and CAT relief are based on the same factual predicate, the adverse credibility determination necessarily precludes success on those claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Lin's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5